IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARLENE LOFTON,

    Plaintiff,

v.

MARK CROWE, and JOSHUA BLAKE,

    Defendants.

CIVIL ACTION NO.: 4:25-cv-00192

**RULE 26 INSTRUCTION ORDER**

The above captioned case having recently been filed in this Court, the Court issues the following Order to provide instructions to the parties regarding their initial discovery obligations and to institute initial case management proceedings.

**I.      Rule 26(f) Conference**

Federal Rule of Civil Procedure 26(f) requires the parties to confer, develop a proposed discovery plan, and submit a report to this Court.  Subsequent to the filing of the report, a Scheduling Order must be entered pursuant to Federal Rule of Civil Procedure 16(b).  Therefore, by the earlier of (1) sixty (60) days after any defendant has been served with the complaint; or (2) forty-five (45) days after any defendant has appeared, the parties shall confer as provided in Rule 26(f).  See Local R. 26.1(a).[1]  For removed cases, the parties shall be guided by the deadlines in Local Rule 26.1(e).

---

[1] The Rule 26(f) Conference may be held telephonically and should be attended by any unrepresented parties and counsel for any represented parties.

During the Rule 26(f) Conference, the parties shall discuss the nature and bases of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, and the scope, type, manner, and costs of discovery. The discussion of claims and defenses shall be a substantive, meaningful discussion. In addressing settlement or early resolution of the case, counsel shall not only explore the feasibility of alternative dispute resolution between themselves, but shall also discuss the potential for settlement and alternative dispute resolution with their clients as well. The parties shall also make or arrange for the disclosures required by Rule 26(a)(l) and develop their joint proposed scheduling/discovery plan. The parties shall use the updated Form Rule 26(f) Report for use in Judge Baker cases as a guide for their conference. These are only the minimum requirements for the meeting. The Court orders the parties to have a comprehensive discussion and to approach the meeting in good faith and with cooperation.

**II.     Rule 26(f) Report**

Within **fourteen (14) days** after the required Rule 26(f) Conference, the parties shall submit to the Court a written Report outlining their discovery plan. See Local R. 26.1(b). The Report shall conform to the language and format of the Form Rule 26(f) Report for use in Judge Baker's cases located on the Court's website www.gasd.uscourts.gov under "Forms."[2] The parties must use that Form as well as this Instruction Order to guide their discussion at the Rule 26(f) Conference.

The parties shall work together to prepare the Report, and the deadlines in the Report should be mutually agreeable, with a view to achieving resolution of the case with a minimum of

---

[2] The Form Rule 26(f) Report has been updated as of November 20, 2018. The parties must use this updated Form when filing their Report. Additionally, the updated form is a fillable Word document; when using this fillable Word document, the parties are reminded to follow the Court's procedures for electronic filings, detailed in Section VI below. Specifically, counsel shall not print and then scan the Rule 26(f) Report before filing but instead directly convert the completed report into a text-searchable PDF for filing.

expense and delay. To the extent the parties cannot agree on an item in the Report, they shall so indicate on the Report. A party who cannot gain the cooperation of any other party in preparing the Rule 26(f) Report shall advise the Court of the other party's failure to cooperate prior to the Report filing deadline.

Should any party seek a stay of discovery or of their obligation to file the Rule 26(f) Report, or seek the extension of any other deadline in this case (including an extension of discovery, a deadline to respond to a motion, or to file any other pleading), the party shall first contact all other parties and determine if the other parties join in, consent to, or oppose the request. When filing the motion for an extension, the party requesting the extension must state in their motion whether the other parties join in, consent to, or oppose the request for a stay or an extension.

## III. Electronically Stored Information

During the Rule 26(f) Conference, the parties shall specifically discuss the preservation and production of electronically stored information. That discussion shall include:

a. What electronic sources and records the party maintains and how the party's electronic data and records are stored;

b. The electronic sources and records each party will search, and the method of search that will be used (including any search terms);

c. The difficulty/ease of retrieving various data and information, and who will bear the costs of retrieval and production;

d. The format and media agreed to by the parties for the production of electronically stored information (including any production of meta-data) as well as agreed procedures for such production;

e. The persons most familiar with the party's computer and electronic storage system and the persons who are responsible for preservation of electronically stored information, including any third parties who may have access to or control over any such information;

f. Whether reasonable measures have been implemented to preserve data including the party's document retention/destruction policy, whether the party has placed a

      "litigation hold" preventing destruction of potentially relevant records, and whether the issuance of a preservation order is required; and

g. The extent to which search and disclosure of electronic data should be limited to that which is available in the normal course of business, or otherwise, and the anticipated scope, cost, and time required for search and disclosure of such information beyond that which is available in the normal course of business.

### IV. Privileged, Protected, and/or Confidential Information

During the Rule 26(f) Conference, the parties shall discuss specifically the discovery and production of privileged, protected, and/or confidential information. That discussion shall include:

a. What methods the parties will employ to assert claims of privilege, protection, or confidentiality, including the form and substance of any privilege logs;

b. Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly privileged, protected, or confidential information;

c. Whether reasonable date ranges should be established after which privilege log entries for privileged, protected, or confidential information need not be made;

d. Whether the parties will request a protective order to prevent the further release of information disclosed in discovery; and

e. As contemplated by Rule 502(e) of the Federal Rules of Evidence, whether there is a need for the terms of any agreement regarding disclosure of privileged attorney-party communications or confidential work product to be incorporated into a court order, and whether the parties will seek court approval of any such agreement.

### V. Scheduling Conference

The Court may hold a Scheduling Conference after receipt of the parties' Rule 26(f) Report and before issuing a Scheduling Order. At that conference, the Court will discuss in detail the parties' proposed discovery plan and scheduling order as well as any issues the parties raise in their Rule 26(f) Report. This Conference need only be attended by counsel and by any unrepresented parties. Ordinarily, the Court will allow appearance at the Scheduling Conference via video or telephone. If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of the parties' Rule 26(f) Report.

## VI. Form of Electronic Filings

The parties are directed to read and follow the Court's revised Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, available on the Court's website www.gasd.uscourts.gov under "For Attorneys" and "Administrative Procedures for Electronic Filing." Documents in their native format such as Word or WordPerfect must be converted into a text-searchable PDF before filing. Most word processing applications allow publishing or converting to PDF within the application. There are also commercial and free PDF converters available for use. **Participants should not print and scan electronic documents for submission into CM/ECF.** Documents should not be scanned prior to e-filing unless the original documents are unavailable in electronic format or require original signature. Attachments not available in electronic format shall be scanned by the filer into PDF format for electronic submission. The participant is responsible for the legibility of the uploaded image. For assistance with conversion or scanning, contact the CM/ECF Helpdesk at 912-650-4010 or ecf_web@gasd.uscourts.gov.

## VII. Resolution of Discovery Disputes

The Court hereby **ORDERS** all parties to take the following steps prior to the filing of any discovery motions. This includes any motions filed pursuant to Title V of the Federal Rules of Civil Procedure, including but not limited to motions to compel, motions to quash, motions for a protective order, disputed motions for extension of time to conduct discovery, disputed motions for examination, and motions for discovery sanctions.

1. The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the parties are first required to confer and fully comply with Federal Rules of Civil Procedure 26(c)(1) and 37(a)(2), and

Local Rule 26.5, by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention.

2. In the event that the parties are unsuccessful in their reasonable, good faith efforts to confer and resolve any differences, they must then schedule an informal conference with the Magistrate Judge in an effort to resolve the discovery dispute prior to the filing of any motions.[3] The parties must exhaust the first two steps of the process before filing any motions, briefs, memorandum of law, exhibits, deposition transcripts, or any other discovery materials with the Court.

3. If the dispute still cannot be resolved following an informal conference with the Magistrate Judge, then the Court will entertain a discovery motion. In connection with the filing of any such motions, the moving party shall submit the appropriate certifications to the Court as required by Federal Rules of Civil Procedure 26(c)(1) and 37(a)(2).

4. The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute and all the above-identified steps have been strictly complied with. Failure to fully comply with all of the prerequisite steps may result in a denial of any motion, with prejudice, and may result in an award of costs and reasonable attorney's fees.

---

[3] Counsel are directed to review and comply with any requirements of the assigned Magistrate Judge with regard to an informal discovery conference. In cases where the assigned Magistrate Judge has no specific requirements, counsel may schedule a conference by contacting the Magistrate Judge's Courtroom Deputy Clerk and advising the Deputy Clerk that the parties have a discovery dispute with which they need the Court's assistance. Unless directed otherwise, the parties shall not provide the Deputy Clerk or any Court personnel any substantive information regarding the discovery dispute prior to the conference with the Magistrate Judge.

## **CONCLUSION**

Plaintiff's counsel, or if applicable, the *pro se* plaintiff, shall ensure that a copy of this Order is served upon all parties without delay.

**SO ORDERED**, this 18th day of August, 2025.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA